IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINA GALVIS CORTES, NAYTHAN ARIAS,<br><br>        Petitioners,<br>  v.<br><br>SAM OLSEN, MARCOS CHARLES, TODD M. LYONS, MADISON SHEAHAN, KRISTI NOEM, PAM BONDI, DONALD J. TRUMP,<br><br>        Respondents. | No. 25-cv-06293<br>Judge Franklin U. Valderrama<br>(Emergency Judge) |

### EMERGENCY ORDER CONCERNING STAY OF TRANSFER OR REMOVAL

Petitioners Valentia Galvis Cortes (Cortes) and Naythan Arias (Arias) have filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that they are being unlawfully confined in violation of the Constitution of the United States.

Generally, a federal district court does not have subject-matter jurisdiction to review orders of removal issued by an immigration court. *See* 8 U.S.C. § 1252(a)(1), (g). However, it does have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a).

Here, it appears that the relief sought is not review of an immigration order, injunction, or stay preventing the execution of such an order. Instead, Petitioners allege that Respondents' counsel moved to dismiss the removal proceedings against Petitioner Cortes instanter at her initial Immigration Court hearing. The Immigration Judge denied her the opportunity to obtain counsel and immediately granted Respondent's motion.

Thereafter, Petitioners allege that plainclothes officers with no visible law enforcement markings took immediate custody of the Petitioners upon their exit from the courtroom. Upon information and belief, Respondent is now initiating expedited removal proceedings to circumvent the Immigration Judge, unlawfully detain, and remove Petitioner Cortes, who is seeking asylum in the United States, along with her six-month-old United States citizen child, Petitioner Arias.

Accordingly, the Court ORDERS as follows:

1. **Service of Order**

    The Clerk of this Court shall serve a copy of the petition and this Order (by email) on the civil duty attorney for the United States Attorney's Office and the United States Attorney for the Northern District of Illinois. The Court also understands that counsel for Respondents, Craig Oswald, will receive an electronic notification of the filing of this Order.

2. **Order**

    Pursuant to the Court's authority to order Respondents to preserve the status quo to ensure fair and orderly consideration of this matter, and to rule on any contested issues concerning jurisdiction, it is hereby ORDERED that, unless otherwise directed by this Court, Respondents shall not remove Petitioners from the jurisdiction of the United States, nor shall they transfer petitioners to any judicial district outside the State of Illinois, prior to 5:00 PM Central Standard Time on June 12, 2025. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

    If Petitioners have already been removed or transferred outside the jurisdiction of this Court or the State of Illinois, Respondents are ORDERED to immediately notify the Court in writing of the Petitioners' current locations, including the specific judicial district and facility where each petitioner is held. Such notice shall be filed in writing on the docket no later than 8 hours from the time this Order is docketed.

    The Court sets this matter for an in-person status hearing on Tuesday, June 10, 2025 at 2:30 PM CST in Courtroom 1941.

    Any of the time periods or deadlines herein may be shortened or extended as justice requires or may otherwise be appropriate by further order of the Court.

    SO ORDERED.

DATE: June 6, 2025
TIME: [2:40 PM]

United States District Judge
Franklin U. Valderrama